**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| VOLODYMR SKRYPNYK, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-808-J |
| | ) | |
| CHRIS GANTT, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

Petitioner Volodymr Skrypnyk, a citizen of Ukraine, has filed a Petition for Writ of Habeas Corpus (Pet.) [Doc. No. 1] and a Supplemental Pleading [Doc. No. 16] challenging his present detention by the U.S. Immigration and Customs Enforcement (ICE). The matter was referred to United States Magistrate Judge Shon T. Erwin who issued a Report and Recommendation (Rep. & Rec.) [Doc. No. 21] recommending that the Court grant the Petition in part and order Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within ten days or otherwise release Petitioner if he has not received a hearing within that period. Both parties filed an objection [Doc. Nos. 22–23], triggering de novo review as to those portions of the Report and Recommendation to which a specific objection is made. *See* Fed. R. Civ. P. 72(b)(3); *Quint v. Vail Resorts, Inc.*, 89 F.4th 803, 808 (10th Cir. 2023). On findings that the parties did not address, de novo review is not warranted, and the Court reviews the Report and Recommendation only "to confirm that there is no clear error on the face of the record." *Barnett v. Okla. State Reformatory*, No. CIV-25-248-J, 2025 WL 2205827, at *1 (W.D. Okla. Aug. 4, 2025) (citation modified).

For the reasons discussed below, the Report and Recommendation is ADOPTED and the Petition is GRANTED to the extent it alleges Petitioner is entitled to a bond hearing.

## I. Background

Petitioner entered the United States in July 2024 and was granted Ukrainian Humanitarian Parole (UHP) under 8 U.S.C. § 1182(d)(5)(A) for a term that was set to expire on July 15, 2026. Pet. ¶¶ 1–3; Pet. Ex. 2–3. On February 6, 2026, before the expiration of his UHP, Petitioner was arrested by immigration authorities at a weigh station in Erick, Oklahoma. Pet. ¶¶ 2, 23. The following day, Department of Homeland Security officials issued Petitioner a Notice to Appear charging him as removable. Pet. Ex. 6. Petitioner subsequently applied for re-parole on February 17, 2026, and later applied for Asylum and Withholding of Removal on April 14, 2026. Pet. ¶¶ 25, 28. Petitioner filed this habeas action in April 2026, asserting: (1) a violation of 8 C.F.R. § 212.5(e)(2)(i) and his Fifth Amendment due process rights because Respondents unlawfully terminated his parole without prior written notice; and (2) a violation of the Administrative Procedure Act (APA). As relief, Petitioner seeks immediate release or, alternatively, a bond hearing. *Id.* ¶¶ 9, 47–49.

## II. Report and Recommendation

Upon review, Judge Erwin concluded that this Court has jurisdiction to consider Petitioner's claims, Petitioner was not required to exhaust administrative remedies, and the Court should decline to reach Petitioner's APA claim. Rep. & Rec. at 4–6 & n.5. Judge Erwin further concluded that Petitioner's UHP was terminated through the issuance of a Notice to Appear and that the Court need not decide whether issuing the Notice one day after Petitioner's arrest was unlawful. *Id.* at 6–11. Finally, Judge Erwin concluded that Petitioner's detention is governed by 8 U.S.C. § 1226(a), rather than 8 U.S.C. § 1225(b)(1), because it did not arise from an attempted entry at a port of entry or as part of the inspection process. *Id.* at 11–13. He therefore recommends

that Petitioner receive a bond hearing, but that the Court decline to require the Government to bear the burden of justifying his continued detention. *Id.* at 13.

### III. Analysis

### A. Clear Error Review

No party specifically challenges Judge Erwin's findings that this Court has jurisdiction to consider Petitioner's claims, Petitioner was not required to exhaust administrative remedies, and the Court should decline to reach Petitioner's APA claim. Finding no clear error on the face of the record, those portions of the Report and Recommendation are ADOPTED.

### B. De Novo Review

Respondents' sole objection is to Judge Erwin's conclusion that § 1226(a) governs Petitioner's detention. [Doc. No. 23]. Respondents contend that a noncitizen is properly detained under 8 U.S.C. § 1225(b)(1) upon expiration of humanitarian parole. *Id.* at 2–4. Although employing de novo review, the Court declines to engage in lengthy analysis. This Court, and indeed many others in this district and nationwide, have repeatedly concluded that § 1226(a) controls in this situation. *See, e.g., Marcano v. Johnson*, No. CIV-26-1389-J, 2026 WL 2807028, at *2 (W.D. Okla. Sept. 18, 2026) (collecting cases); *Mayan, v. Gantt*, No. CIV-26-1762-R, 2026 WL 3002683 (W.D. Okla. Oct. 6, 2026) (same); *but see Kvaratskhelia v. Blanche*, No. CIV-26-1673-JD, slip op. at 5–9 (W.D. Okla. Sept. 29, 2026).

Under the facts presented here, the Court finds Petitioner's detention is most naturally characterized as detention "pending a decision on whether the alien is to be removed from the United States" within the meaning of § 1226(a). *See Rafibaev v. Noem*, No. 26-CV-00461-PAB, 2026 WL 607559, at *2 (D. Colo. Mar. 4, 2026) ("[W]here petitioner has been released on parole pursuant to § 1182(d)(5)(A) for nearly two years, it is illogical to suggest that his re-detention is

governed by § 1225(b)(1), which . . . governs procedures for the inspection of aliens arriving in the United States who have not been admitted or paroled.") (citation modified). Because § 1226(a) governs, the Court concludes the proper remedy is not immediate release, but a bond hearing before an Immigration Judge exercising jurisdiction under § 1226(a). *Zhakhonov v. Grant*, No. CIV-26-350-J, 2026 WL 1865418, at *3 (W.D. Okla. June 29, 2026).

To the extent the Court orders a bond hearing, Petitioner raises two additional objections. First, he objects to Judge Erwin's recommendation that the Court decline to require the Government to bear the burden of justifying his continued detention. [Doc. No. 22 at 5–8]. But this Court has repeatedly declined to impose that requirement, finding it premature and not fit for adjudication because an immigration judge has not yet conducted a hearing in Petitioner's case or allocated the burden of proof and applied the facts of this case to that evidentiary framework. *E.g., Carrasco Gomez v. Figueroa*, No. CIV-26-991-J, 2026 WL 1784538, at *2 (W.D. Okla. June 22, 2026). The Court finds no basis to depart from that conclusion on the record presented here.[1] Second, Petitioner objects to Judge Erwin's recommended ten-day deadline for the bond hearing and requests a seven-day deadline instead. [Doc. No. 22 at 8–9]. Yet Petitioner cites no authority mandating a seven-day deadline and, on de novo review, the Court finds no compelling reason to depart from Judge Erwin's sound recommendation.

[1] Petitioner cites no binding authority requiring the Government to carry the burden under § 1226(a) and the Court is aware of none. However, Judges in this district have repeatedly joined the 3rd, 4th, and 9th Circuits in holding that due process is not offended by leaving the burden of proof on the non-citizen in a § 1226(a) hearing. *Toro v. Mullin*, CIV-26-315-JD (W.D. Okla. May 12, 2026); *Singh v. Mullin*, No. CIV-26-712-HE (W.D. Okla. June 18, 2026); *Pupo Socarras v. Figueroa*, No. CIV-26-0571-HE, 2026 WL 2100499, at *1 (W.D. Okla. July 21, 2026); *Ochilov v. Grant*, No. CIV-26-526-R (W.D. Okla. Aug. 25, 2026) (Order denying Petitioner's Emergency Motion to Enforce Judgment).

Finally, Petitioner objects to Judge Erwin's conclusions regarding the termination of his UHP through a Notice to Appear. *Id.* at 3–5. While Petitioner concedes that a Notice to Appear may serve as valid written notice of the termination of his UHP, he argues that the notice was unlawful because he received it one day after his arrest. Again, Petitioner cites no authority to support that argument. On de novo review, the Court agrees with Judge Erwin that it need not reach the issue because "the answer would not change the relief to which Petitioner is entitled" considering his UHP independently expired on July 15, 2026, and the Court has concluded that § 1226(a) applies and the proper remedy is a bond hearing. Rep. & Rec. at 8–9; *Zhakhonov*, 2026 WL 1865418, at *3.

## IV. Conclusion

For the reasons above, the Report and Recommendation [Doc. No. 21] is ADOPTED. Petitioner's Petition for Writ of Habeas Corpus is GRANTED IN PART in so far as it alleges Petitioner is entitled to a bond hearing. The Court ORDERS Respondents to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within ten days of the date of this Order, or release Petitioner if no hearing occurs within that period. Respondents shall certify compliance within ten business days of the date of this Order.

A separate judgment will enter.

IT IS SO ORDERED this 8th day of October, 2026.

BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE